UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MICHAEL RIDDICK,

                              PLAINTIFF,

              -AGAINST-

NEW YORK CITY, POLICE OFFICER WEISS, POLICE
OFFICER AMJAD KHAN, POLICE OFFICER DAVID
BOWMAN and POLICE SERGEANT JOHN DOE,
individually, and in their capacity as members of the New
York City Police Department.

                              DEFENDANTS.

-------------------------------------------------------------------- x

CV12-2642

COMPLAINT

ECF CASE



SUMMONS ISSUED

AMON, CH.J.
GOLD, M.J.

## PRELIMINARY STATEMENT

1. This is a civil action in which plaintiff, Mr. Michael Riddick ("Mr. Riddick"), seeks relief for the violation of his rights secured by 42 USC 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

2. This claim arises from an incident that occurred on or about September 22, 2010, in which officers of the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected Mr. Riddick to, *inter alia*, malicious prosecution, false arrest and an unreasonable strip search.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, an award of costs and attorneys' fees and such other and further relief as this Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff Mr. Riddick is a United States citizen and at all times here relevant resided at 40 Lincoln Road, Apartment 4E, Brooklyn, NY 11225.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Amjad Khan, shield number 16306, ("PO Khan"), Police Officer Weiss ("PO Weiss"), Police Officer David Bowman ("PO Bowman") and Police Sergeant John Doe ("PS John Doe") at all times here relevant were members of the NYPD and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law and/or under color of the statutes, ordinances, regulations, policies and customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Mr. Riddick is 34 years old, father to three children and stepfather to his fiancée's two children.

11. In or around September 2010, Mr. Riddick joined a class action lawsuit against the NYPD.

12. On September 23, 2010, the Daily News published an article concerning Mr. Riddick's participation in the class action lawsuit against the NYPD.

13. On or about the evening of September 22, 2010, Mr. Riddick was at his brother's apartment at 325 East 21 Street, Brooklyn, New York.

14. At approximately 11:45 pm, Mr. Riddick and his brother left the apartment and headed towards the local twenty-four-hour store.

15. At the junction of Beverly Road and Flatbush Avenue, Mr. Riddick and his brother were stopped by PO Weiss and PO Khan.

16. PO Weiss immediately said to Mr. Riddick, "We've got you Riddick, we've got you now Riddick."

17. Mr. Riddick was immediately handcuffed behind his back by the police officers.

18. PO Weiss said to Mr. Riddick, "So you like putting cops in newspapers."

19. Mr. Riddick was searched by the police officers, but nothing was recovered.

20. PO Weiss told Mr. Riddick that a police officer, now known to be PO Bowman, allegedly observed Mr. Riddick selling crack cocaine.

21. Mr. Riddick told the police officers that he had not possessed any crack cocaine and had not sold any crack cocaine to anyone.

22. Mr. Riddick's brother was not searched or arrested.

23. Mr. Riddick was taken to the 70th Precinct, where he was processed.

24. At the 70th Precinct, Mr. Riddick was taken to a cell and PO Weiss, PO Khan and PS John Doe ordered Mr. Riddick to take off all of his clothes to allow them to perform a visual cavity search.

25. The door to the cell was left open and several people in an adjacent cell were able to see Mr. Riddick removing his clothes.

26. Once Mr. Riddick had removed all of his clothes, PO Weiss, PO Khan and PS John Doe ordered Mr. Riddick to squat and cough.

27. Mr. Riddick squatted and coughed, as per the instructions of PO Weiss, PO Khan and PS John Doe.

28. PO Weiss, PO Khan and PS John Doe then ordered Mr. Riddick to repeat the squat and cough four more times.

29. Mr. Riddick objected, but he had no choice but to follow the orders of PO Weiss, PO Khan and PS John Doe.

30. After PO Weiss, PO Khan and PS John Doe carried out the visual cavity inspection, Mr. Riddick was held in a cell in the precinct for several hours.

31. On or about September 23, at approximately 5:00 am, Mr. Riddick was taken to Central Bookings where he was arraigned and charged with criminal possession of a controlled substance in the third degree, criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree.

32. Mr. Riddick was unable to post bail and was held in Rikers Island prison for seven days.

33. On or about September 28, 2010, Mr. Riddick's case was presented to a Grand Jury.

34. The Grand Jury declined to vote a true bill and the charges against Mr. Riddick were dismissed.

35. Mr. Riddick was released from Rikers Island prison on September 29, 2010.

36. Mr. Riddick continues to feel traumatized by the events of September 22 and 23, 2010, and is wary and fearful when he sees police officers. Mr. Riddick takes efforts to avoid police officers when in public.

37. Mr. Riddick suffered following the incident and had to endure seven days of incarceration in Rikers Island prison.

38. As a result of the incident, Mr. Riddick feels fear, anxiety, emotional distress, frustration, embarrassment and humiliation and has suffered loss of liberty and financial loss.

## FIRST CAUSE OF ACTION

(42 USC 1983 – False Arrest)

39. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

40. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

41. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was falsely arrested by defendants.

42. Defendants unreasonably and unjustifiably confined plaintiff.

43. Plaintiff was aware of, and did not consent to, his confinement.

44. The confinement was not privileged.

45. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## SECOND CAUSE OF ACTION

(42 USC 1983 – Malicious Prosecution)

46. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

47. Defendants have deprived plaintiff of his civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

48. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was maliciously prosecuted by defendants.

49. The malicious prosecution was initiated by defendants without legal justification and without probable cause, in that defendants caused the commencement and continuation of criminal proceedings against plaintiff, the proceedings terminated in favor of plaintiff, and in that the action was commenced and continued intentionally and with malice and deliberate indifference to plaintiff's rights.

50. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## THIRD CAUSE OF ACTION

(Retaliatory Prosecution)

51. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

52. Plaintiff exercised his constitutional right to bring a lawsuit against the NYPD.

53. In retaliation, defendants arrested and prosecuted Plaintiff without any legal justification or probable cause.

54. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## FOURTH CAUSE OF ACTION

(Unreasonable Search)

55. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

56. Defendants have deprived plaintiff of his right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that plaintiff was subjected to an improper visual body cavity inspection by defendants without a genuine factual basis supporting a reasonable suspicion to believe that plaintiff secreted evidence inside a body cavity.

57. Plaintiff has been damaged a result of defendants' actions in an amount believed to equal or exceed $500,000.00.

## JURY DEMAND

58. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the Court enter a Judgment against defendants, together with costs and disbursements, as follows:

    In favor of plaintiff in an amount to be determined by a jury, but at least equal to or exceeding $500,000.00, for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        May 24, 2012

By: _____
Justin Delle Cave

PetersonDelleCave LLP
Attorney for Plaintiff
233 Broadway, Suite 1800
New York, NY 10279
(212) 240-9075